# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

JAMES JONES, et al.,

      Plaintiffs,                            Case No. 1:18-cv-403

            vs.                               Dlott, J.
                                             Bowman, M.J.

CITY OF FOREST PARK, et al.,

      Defendants.

## REPORT AND RECOMMENDATION

This civil action is now before the Court on Defendants' motions to dismiss (Docs. 21, 22) and Plaintiffs' motion for leave to file a second amended complaint. (Doc. 31). The motions will be addressed in turn.

## I.    Background and Facts

Plaintiffs, the owners of two apartment buildings in the Village of Golf Manor, rent the residential spaces in these buildings mostly to sex offenders. (Doc. 10, PAGEID# 54-55). On April 14, 2018, an inspection of Plaintiffs' buildings was conducted, without notice given to Plaintiffs, by Tucker Stone, the Golf Manor Police and Fire Departments, and the Golf Manor Building Code Inspector. (Doc. 10, PAGEID# 55). Golf Manor officials met with Plaintiffs on April 27, 2018 regarding a new village ordinance that would require Plaintiffs' sex offender tenants to move out. Id. At the end of April, Defendant Joy Pierson called Greater Cincinnati Behavioral ("GCB"), where Plaintiffs get most of their tenants, and told GCB that Plaintiffs' building was going to be condemned. (Doc. 10, PAGIED# 56). GCB prepared for evacuation and held Plaintiffs' rent checks for over a month. Id. Golf Manor's ordinance was given its third reading on May 14, 2018 and went into effect

30 days later. Id. Plaintiffs were never informed of the first two readings. Id. Plaintiff Mr. Jones was off work because of a surgery during these events. *Id.*

Thereafter, Plaintiffs filed the instant Complaint against the Village of Golf Manor, its administrator and council members, the commissioner and an employee of the Hamilton County Health District. (Doc. 1, PAGEID # 1). All of the individual defendants were sued in both their official and individual capacities. *Id.* Plaintiffs sought leave to file an amended complaint through a series of filings. (Docs. 10, 12). Answers were filed as to the original complaint (Doc. 1) by the Golf Manor Defendants (Doc. 13, filed June 28, 2018) and by the Health District Defendants. (Doc. 14, filed July 2, 2018). On October 25, 2018, this Court entered a notation order granting Plaintiffs' Motion to File an Amended Complaint (Doc. 10) which named as additional defendants: Joy Pierson and Todd Kinskey.

Thereafter, Timothy Ingram, Health Commissioner of Hamilton County Public Health, Tucker Stone, Environmental Health Supervisor of Hamilton County Public Health, and Joy Pierson, Community Development Administrator with Hamilton County Planning + Development in their official and individual capacities (collectively referred to as "County Defendants"), moved to dismiss the Amended Complaint (Doc. 21, PAGEID #94), and County Defendant Kinskey followed with a separate motion to dismiss (Doc. 22, PAGEID #109). Defendants contend that Plaintiffs' First Amended Complaint fails to meet the minimum pleading standards required under Rule 8 and otherwise fails to state a claim upon which relief can be granted.

In response to Defendants motions to dismiss, Plaintiffs filed a motion for leave to file a second amended complaint. Upon review, it appears that the only new cause of

action the proposed amended complaint includes purports to be a negligence claim filed under an Ohio statute that creates a private cause of action for child stealing. (Doc. 31-1, PAGEID #199); see also: R.C. §2307.50. For the reasons that follow, the undersigned finds that Plaintiff's motion to amend is not well-taken and Defendants motions to dismiss are well taken and should be granted.

## II. Analysis

### A. Defendants motions to Dismiss

The County Defendants motion to dismiss asserts that Plaintiffs have failed to meet the pleading standards under Fed. R. Civ. P. 8(a) and as explained by *Twombly and Iqbal.* The County Defendants further assert that the Complaint fails to state a claim upon which relief can be granted against these County Defendants. As such, the County defendants further assert that this Court should decline to exercise pendent jurisdiction over any of Plaintiffs' state law claims. Similarly, Defendant Kinskey seeks dismissal for the same reasons and also asserts that Plaintiffs have also failed to effectuate sufficient service on Kinskey under Fed. R. Civ. P. 4.

#### 1. Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the claims. The court is required to construe the complaint in the light most favorable to the Plaintiff, and accept all well-pleaded factual allegations in the complaint as true. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) and *Lewis v. ACB Business Services,* 135 F.3d 389, 405 (6th Cir. 1998). A court, however, will not accept conclusions of law or unwarranted inferences which are presented as factual allegations. *Blackburn v. Fisk University,* 443 F.2d 121, 124 (6th Cir.

1974). A complaint must contain either direct or reasonable inferential allegations that support all material elements necessary to sustain a recovery under some viable legal theory. *Lewis v. ACB,* 135 F.3d at 405 (internal citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted); *Association of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F.3d 545, 548 (6th Cir. 2007). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

2. *Plaintiffs' complaint fails to state a claim for relief*[1]

Plaintiffs name each of the County Defendants in their individual capacities. With respect to Timothy Ingram, his name only appears in the caption and in the "Parties" section identifying him as a county employee. He is not identified in the Amended Complaint. As such, without any factual allegations in the Amended Complaint identifying any action or omission on the part of Ingram, the Amended Complaint fails to allege any individual capacity claim against defendant Ingram.

Plaintiffs' complaint also fails to state a claim for relief under § 1983. Section 1983 allows individuals to "interpose the federal courts between the States and the people, as guardians of the people's federal rights—to protect the people from unconstitutional

---

[1] Defendants also claim that Plaintiff's complaint fails to satisfy the minimum pleading requirements required under Fed R. Civ. P. 8. Namely, Plaintiffs do not specify which factual allegations give rise to any cause of action.

action under color of state law." *Mitchum v. Foster*, 407 U.S. 225, 242 (1972). "To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Miller v. Sanilac County*, 606 F.3d 240, 247 (6th Cir.2010) (quoting *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir.2006)).

Moreover, the County Defendants may only be held liable under § 1983 for injuries caused by official county policies or customs. *Monell v. New York Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978). Such custom or policy must be the "moving force" behind the violation. *Id.* at 694. "[T]o satisfy the *Monell* requirements a plaintiff must 'identify the policy, connect the policy to the [county] itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993), quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987). The acts of employees of political subdivisions do not result in vicarious liability under the doctrine of respondeat superior. *Monell*, 436 U.S. at 694; *Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir. 1997). "The law is clear that liability of supervisory personnel must be based on more than merely the right to control employees." *Leach v. Shelby Cty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), quoting *Hays v. Jefferson*, 668 F.2d 869, 872 (6th Cir. 1982), cert. denied, 459 U.S. 833, 103 S.Ct. 75 (1982). Further, a claim of failure to supervise under section 1983 cannot be based on simple negligence. *Id., citing Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986). A municipal liability claim pursuant to § 1983 must be examined by applying a two pronged inquiry: (1) has the plaintiff asserted the deprivation of a constitutional right; and

(2) is the municipality responsible for that violation. *See Doe v. Claiborne County*, 103 F.3d 495, 505- 06 (6th Cir. 1996). *See also Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194 (1984) (plaintiff must also show that conduct was caused by an "established state procedure rather than random and unauthorized action").

Here, Plaintiffs' Amended Complaint sets forth four causes of action under § 1983. They are: 1) violation of Equal Protection under the Fourteenth Amendment; 2) "Illegal Entry" under for Fourth and Fourteenth Amendments; 3) violation of Due Process under the Fourteenth Amendment; and 4) failure to train, instruct, and supervise under the Fourth and Fourteenth Amendments. However, despite alleging violations of the Fourth and Fourteenth Amendments, Plaintiffs' Amended Complaint fails to demonstrate any deprivation of a constitutional right caused by any policy or procedure of the County Defendants.

As noted by the County Defendants, Plaintiffs allege that defendant Stone participated in an inspection on one of their properties and that defendant Pierson called CGB and informed them that the building would soon be condemned. Plaintiffs have not identified with any particularity how either of these actions violated their constitutional rights, nor have they identified or pled any county custom, policy, or procedure under which these Defendants acted.

Defendants motions to dismiss also persuasively argue that they are entitled to qualified immunity. The purpose of qualified immunity is to provide governmental officials with the ability "reasonably to anticipate when their conduct may give rise to liability for damages." See *Anderson v. Creighton,* 483 U.S. 635, 646 (1987) (internal quotation omitted). Thus, a governmental official performing discretionary functions will be entitled

to qualified immunity unless his actions violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A governmental official is entitled to immunity if the facts alleged do not make out a violation of a constitutional right, or if the alleged constitutional right was not clearly established at the time of the defendant's alleged misconduct. *Pearson v. Callahan*, 129 S.Ct. 808 (2009). Here, Plaintiffs cannot articulate a clearly established constitutional right that has been violated by any County Defendant. Nor have they articulated one in their Amended Complaint.

Because plaintiff has failed to state a cognizable federal claim for relief, the Court should decline to exercise supplemental jurisdiction over plaintiffs' state-law claims against these Defendants pursuant to 28 U.S.C. § 1367(c)(3). For these reasons, the Defendants' motions to dismiss (Docs. 21, 22) should be **GRANTED** and Plaintiffs' claims against Defendants Timothy Ingram, Todd Kinskey[2], Joy Pierson, Tucker Stone should be dismissed.

## II.     Plaintiff's motion to Amend (Doc. 31)

Plaintiffs' proposed second amended complaint seeks to "add negligence, ORC §2703, as a cause of action and to add Todd Kinskey's title as Director of Hamilton County Planning and Development." (Doc. 31, at 1). Plaintiff's proposed amendment is not well-taken.

Rule 15(a) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15

---

[2] Defendant Kinskey also argues that Plaintiffs' have not properly effectuated service upon him. Kinskey, however, filed a motion to dismiss and had notice of this action. More importantly, as outlined above, Plaintiffs' complaint fails to state any claim against him and any such claims should therefore be dismissed.

reinforces "the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir.1982)). The grant or denial of a request to amend a complaint is left to the broad discretion of the trial court. *Gen'l Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990). In exercising this discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of the amendment[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005).

"Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005). To survive a motion to dismiss, a complaint must contain sufficient factual allegations to state a claim that is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570.

Here, Plaintiffs' Proposed Second Amended Complaint appears to have been cut and pasted from several other documents and the majority of the document is made up the legal conclusions offered in opposition to County Defendants' motions to dismiss. (Doc. 31-1, PAGEID # 190-198). The proposed amended complaint refers to multiple exhibits which were not attached or filed with the document. (Doc. 31-1, PAGEID #193). The only paragraphs that are numbered as required appear as paragraphs 1-9 on the first two pages, and paragraphs 42 and 43 on the final page. (Doc. 31-1, PAGEID # 188-189, 199). The only new cause of action the proposed amended complaint includes purports

to be a negligence claim filed under an Ohio statute that creates a private cause of action for child stealing. (Doc. 31-1, PAGEID #199). Namely, the proposed amendment states, *in toto*:

> 42. Defendants' conduct as described above, constitute negligence and are so egregious that they will always be considered negligence and are assumed to harm plaintiffs and in violation of Ohio Revised Code 2307 and 2307.50.

(Doc. 31 at 12).

As noted by the moving Defendants, the proposed amended complaint is silent as to which defendants are the object of this new cause of action and does not describe in any detail what, if any, damages the Plaintiffs suffered therefrom. Nor is the proposed amended complaint a "short and plain statement" demonstrating that Plaintiffs are entitled to relief as required by Rule 8 of the Federal Rules of Civil Procedure. As such, Plaintiffs' proposed amendments do not comport Rule 8, nor the pleading requirements outlined in *Twomby* and *Iqbal.*

For these reasons, it is herein **RECOMMENDED** that Plaintiffs' motion for leave to file a second amended complaint (Docs. 31) should be **DENIED**.

 */s Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

JAMES JONES, et al.,

      Plaintiffs,                                Case No. 1:18-cv-403

           vs.                                 Dlott, J.
                                             Bowman, M.J.

CITY OF FOREST PARK, et al.,

      Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).