**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JAMES JONES, et al.,

    Plaintiffs,

    vs.

CITY OF FOREST PARK, et al.,

    Defendants.

Case No. 1:18-cv-403

Dlott, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

On April 11, 2019, Magistrate Judge Bowman issued a Report and Recommendation that Plaintiffs' second motion to amend be denied and that the County Defendants' motions to dismiss be granted. (Doc. 40). Purportedly in response to the Report and Recommendation, Plaintiffs filed a third motion to amend the complaint. (See Doc. 41). Plaintiffs' motion asserts that they are "correcting many of the defects complained of and thus, meeting the minimum pleading standards" against these County Defendants. (Doc. 41-1, PAGEID# 246). Plaintiffs' motion further asserts that amendments are made in "paragraphs 3, 11, 16 [and] 18 to add when persons are supervisors, policy and or custom violations and to add common law negligence." *Id*. Plaintiff also filed objections to the Report and Recommendation, which remains pending before the District Judge. Upon careful review, the undersigned finds that Plaintiffs' motion to amend is not well-taken and should be denied.

Rule 15(a) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15 reinforces "the principle that cases 'should be tried on their merits rather than the

technicalities of pleadings.'" *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir.1982)). The grant or denial of a request to amend a complaint is left to the broad discretion of the trial court. *Gen'l Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990). In exercising this discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of the amendment[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005).

"Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005). To survive a motion to dismiss, a complaint must contain sufficient factual allegations to state a claim that is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570.

Plaintiffs' third attempt to amend their complaint is futile for the reasons stated in the prior Report and Recommendation. (See doc. 40). Namely, Plaintiffs still have not identified with any particularity how any actions alleged violated their constitutional rights; nor does it describe in any detail what, if any, damages the Plaintiffs suffered therefrom. As such, Plaintiffs' proposed amendments do not comport with the pleading requirements outlined in *Twomby* and *Iqbal.*

For these reasons, it is herein **RECOMMENDED** that Plaintiffs' motion for leave to file a third amended complaint (Docs. 41) should be **DENIED**. Furthermore, no additional

motions to amend shall be filed until such time as a decision is rendered on the pending

Report and Recommendation. (See Doc. 40).

                                               <u>/s Stephanie K. Bowman</u>
                                               Stephanie K. Bowman
                                               United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JAMES JONES, et al.,

    Plaintiffs,

vs.

CITY OF FOREST PARK, et al.,

    Defendants.

Case No. 1:18-cv-403

Dlott, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).