**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JAMES JONES, et al.,

    Plaintiff,

vs.

VILLAGE OF GOLF MANOR, et al.,

    Defendants.

Case No. 1:18-cv-403

Dlott, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

This civil action is now before the Court on Defendants Matt Brettcher, Sharon Chaney, Stephan Densmore, Brenda DuBose, Ron Hirth, Lou Marx, Greg Schwartzberg, Village of Golf Manor motion for judgment on the pleadings (Doc. 51) and the responsive memoranda. (Docs. 53, 54). Upon careful consideration, the undersigned finds that Defendants motion is well-taken.

*A. Background and Facts*

Plaintiffs, the owners of two apartment buildings in the Village of Golf Manor, rent the residential spaces in these buildings mostly to sex offenders. Doc. 10, PAGEID# 54-55. On April 14, 2018, Plaintiffs allege that an inspection of Plaintiff's buildings was conducted, without notice given to Plaintiffs, by Tucker Stone, the Golf Manor Police and Fire Departments, and the Golf Manor Building Code Inspector. (Doc. 10, PAGEID# 55). Golf Manor officials met with Plaintiffs on April 27, 2018 regarding a new village ordinance that would require Plaintiffs' sex offender tenants to move out. *Id.* At the end of April, Defendant Joy Pierson called Greater Cincinnati Behavioral ("GCB"), where Plaintiffs get most of their tenants, and told GCB that Plaintiffs' building was going to be condemned.

(Doc. 10, PAGIED# 56). GCB prepared for evacuation and held Plaintiffs' rent checks for over a month. Id. Golf Manor's ordinance was given its third reading on May 14, 2018 and went into effect 30 days later. Id. Plaintiffs allege that they were never informed of the first two readings. Id. Plaintiff Mr. Jones was off work because of a surgery during these events. Id.

Thereafter, Plaintiffs filed the instant action against the Village of Golf Manor, its administrator and council members, and the commissioner and an employee of the Hamilton County Health District alleging various constitutional violations. (Doc. 1, PAGEID # 1). All of the individual defendants were sued in both their official and individual capacities. *Id.*

Plaintiffs sought leave to file an amended complaint through a series of filings (Docs. 10, 12). Answers were filed as to the original complaint (Doc. 1) by the Golf Manor Defendants (Doc. 13, filed June 28, 2018) and by the Health District Defendants (Doc. 14, filed July 2, 2018). On October 25, 2018, this Court entered a notation order granting Plaintiffs' Motion to File an Amended Complaint (Doc. 10) which named as additional defendants: Joy Pierson and Todd Kinskey. On October 31, 2018, the Golf Manor Defendants answered the Amended Complaint. (Doc. 17). The Golf Manor Defendants include the Village, Mayor Greg Schwartzberg, Village Administrator Ron Hirth, and Village Councilmembers Matt Boettcher, Sharon Chaney, Stefan Densmore, Brenda Dubose and Lou Marx.

Thereafter, Timothy Ingram, Health Commissioner of Hamilton County Public Health, Tucker Stone, Environmental Health Supervisor of Hamilton County Public Health, and Joy Pierson, Community Development Administrator with Hamilton County

2

Planning + Development in their official and individual capacities (collectively referred to as "County Defendants"), moved to dismiss the Amended Complaint (Doc. 21, PAGEID #94), and County Defendant Kinskey followed with a separate motion to dismiss (Doc. 22, PAGEID #109). On April 11, 2019, the Magistrate Judge's Report and Recommendation recommended that the County Defendants' motions to dismiss (Docs. 21, 22) should be granted and that Plaintiffs' claims against Defendants Timothy Ingram, Todd Kinskey, Joy Pierson, Tucker Stone should be dismissed.

Defendants Village of Golf Manor, Greg Schwartzberg, Ron Hirth, Matt Boettcher, Sharon Chaney, Stefan Densmore, Brenda Dubose and Lou Marx, (herein "Golf Manor Defendants"), now seek to have the claims asserted against them dismissed. For the reasons set forth below, the undersigned finds that the Golf Manor Defendants motion for judgment on the pleadings (Doc. 51) is well-taken and should be granted.

**II. Analysis**

*A. Standard of Review*

Under the Federal Rules of Civil Procedure, "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). Judgment may be granted under Rule 12(c) where the moving parties clearly establish that no material issue of fact remains to be resolved and that they are entitled to judgment as a matter of law. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard of review as a motion under Rule 12(b)(6). *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 697 (6th Cir.2005). In addition, it is well settled that, in presenting a complaint, "[t]hreadbare recital

of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). "Although the court must accept well-pleaded factual allegations of the complaint as true for purposes of a motion to dismiss, the court is not bound to accept as true a legal conclusion couched as a factual allegation*." Id., see also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). Specifically, "formulaic recitations of the elements of a cause of action 'will not do.'" *Huffer v. Bogen*, Case No. 1:10-cv-312-HJW, *8 (S.D. Ohio 2011), citing Twombly at 555 and Iqbal at 1949. "What *Twombly* and *Iqbal* do require is that plaintiffs provide factual allegations from which a court may plausibly infer a cause of action." *Gross v. Nationwide Credit, Inc.*, Case No. 1:10-CV-00738, *3 (S.D. Ohio 2011).

### B. Defendants motion is well-taken

The Golf Manor Defendants argue that they are entitled to judgment as a matter of law because Plaintiff's do not have standing. Defendants further contend that they are entitled to legislative and /or qualified immunity. Each assertion will be addressed in turn.

### 1. Standing

"'No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies.'" *Raines v. Byrd*, 521 U.S. 811, 818 (1997) (quoting *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 37 (1976)). To have standing, a plaintiff must establish (1) an "injury in fact," meaning "an invasion of a legally protected interest [that] is (a) concrete and particularized and (b) 'actual or imminent, not "conjectural" or "hypothetical"'"; (2) "a causal connection between the injury and the conduct complained of," i.e., the injury complained of must be "fairly ... trace[able] to the challenged action of

the defendant, and not ... th[e] result [of] the independent action of some third party not before the court"; and (3) that it is "'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (alterations in original) (citations omitted).

Claimants cannot file a lawsuit based on a "highly speculative fear" that a law may harm them at some future date. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 410 (2013). The injury instead must be "certainly impending." Id. An allegation "of possible future injury" is not enough. Id. at 409 (quotation omitted). The Supreme Court has stated, "The party invoking federal jurisdiction bears the burden of establishing' standing." *Susan B. Anthony List v. Driehaus*, 134 S.Ct. 2334, 2342, 573 U.S. 149, 158 (U.S.,2014), (internal citation omitted). "[E]ach element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." Id.

Here, Defendants contend that Plaintiffs have not suffered an actual injury and do not have a "certainly impending" risk of injury. Notably, Plaintiffs cannot produce any evidence that they are subject to the village ordinances. Plaintiff as they are simply landlords and not the sex-offender tenants. The Plaintiffs also have not alleged that they have been convicted of an offense which requires them to register as a sex offender in Ohio, which would avail them to the restrictions in the Village of Golf Manor Ordinances 2018-4 and 2018-7. Thus, these Plaintiffs have failed to establish that they have standing to challenge these ordinances because they have failed to provide evidence that they are subject to its restrictions. Accordingly, this matter is properly dismissed for lack of standing.

5

*2. Immunity*

Assuming arguendo, that Plaintiffs have stand to bring this action, Defendants further contend that the Village of Golf Manor Defendants are entitled to legislative and qualified immunity.

Legislative immunity for state and local legislators and their surrogates is derived from federal common law which is similar in scope and object to the immunity afforded federal legislators under the Speech and Debate Clause of the Unites States Constitution, Article I, § 6, cl. 1. The Clause is written to ensure that the Legislative Branch will be able to perform without undue interference all of the legislative functions given it in the Constitution. The Clause operates to shelter individual legislators from the distractions and hindrance of civil litigation and immunizes them from suits for prospective relief or damages. *National Association of Social Workers v. Harwood*, 69 F.3d 622, 629-630 (1st Cir. 1995) *citing Eastland v. Units States Servicemen's Fund*, 421 U.S. 491, 502-03; 95 S.Ct. 1813, 1820-21; 44 L.Ed.2d 324 (1975) and *Supreme Court of Virginia v. Consumers Union of the U.S., Inc.*, 446 U.S. 719, 731 (1980). While the core protection conferred by the Clause concerns speech or debate, the protection is broader extending to any act done in a session of the House by one of the members in relation to the business before it. Id. at 630 citing *Kilbourn v. Thompson*, 103 U.S. 168, 204 (1880). The key limitation of the protection of the Speech and Debate Clause which applies to both members of Congress and staffers is that the clause only protects "purely legislative activities." *Id. citing United States v. Brewster*, 408 U.S. 501, 512; 92 S.Ct. 2531, 2537; 33 L.Ed.2d 507 (1972).

Here, Defendants argue that the actions of the Village Council meeting should be considered legislative in nature. Notably, Defendants contend that the actions of the Village Councilmembers in participating in a vote on the sex offender residency ordinances at issue falls under the definition of "legislative activity." The undersigned agrees.

"The United States Supreme Court has held that 'absolute legislative immunity attaches to all actions taken in the sphere of legitimate legislative activity.'" *Harris v. City of St. Clairsville, Ohio*, S.D. Ohio No. C2-04-CV-1179, 2006 WL 3791409 (Dec. 21, 2006), quoting *Bogan v. Scott-Harris*, 523 U.S. 44, 54, 118 S.Ct. 966, 140 L.Ed.2d 79 (1998). Signing an ordinance into law is "quintessentially legislative," but the definition is broader and covers other aspects of the legislative process. *See Timmon v. Wood*, 633 F.Supp.2d 453, 459-460 (W.D. Michigan, April 2008) citing *Bogan*. "The claim of an unworthy purpose does not destroy the privilege," and a legislator is entitled to absolute immunity for actions taken within the legislative sphere even if the legislator acted "to intimidate and silence" and to prevent a person "from effectively exercising his constitutional rights." Id. citing *Tenney* at 371, 377.

Here, the undersigned agrees that the individual Golf Manor defendants, in acting in their role as village councilmembers and voting on the ordinances, were acting in a legislative capacity and they are protected from claims such as the one brought by Plaintiffs. The Village of Golf Manor Defendants are entitled to absolute legislative immunity on all of Plaintiffs' claims.

In the alternative, the Village of Golf Manor Individual Defendants argue that they are entitled to qualified immunity as the claimed disregard for the law was not apparent

7

under existing law. The purpose of qualified immunity is to provide governmental officials with the ability "reasonably to anticipate when their conduct may give rise to liability for damages." See *Anderson v. Creighton,* 483 U.S. 635, 646 (1987) (internal quotation omitted). Thus, a governmental official performing discretionary functions will be entitled to qualified immunity unless his actions violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A governmental official is entitled to immunity if the facts alleged do not make out a violation of a constitutional right, or if the alleged constitutional right was not clearly established at the time of the defendant's alleged misconduct. *Pearson v. Callahan*, 129 S.Ct. 808 (2009). Here, the claimed constitutional violations in this context are not clearly established. As such, the claims against Village of Golf Manor Individual Defendants are also properly dismissed under qualified immunity

Defendants further contend that the Village of Golf Manner is immune from suit under O.R.C. Chapter 2744. Namely, Ohio Revised Code Chapter 2744 sets forth a general grant of immunity from liability for political subdivisions and employees of political subdivisions engaged in governmental functions. The Ohio Political Subdivision Tort Liability Act, R.C. Chapter 2744, provides that: political subdivisions are generally immune from liability for damages in civil actions: "[e]xcept as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by an act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.*" Vacha v. N. Ridgeville* 136 Ohio St.3d 199, 201-202, 992 N.E.2d 1126, 1130 (Ohio, 2013), R.C. 2744.02(A)(1). A political subdivision is defined by R.C.

8

2744.01(F) as a "municipal corporation, township, county, school district, or other body corporate and politic responsible for governmental activities in a geographic area smaller than that of a state." Employees of a political subdivision sued in their official capacities are entitled to the same immunity afforded the political subdivision. *R.K. v. Little Miami Golf Ctr. 2013 WL 5972410,* 8 (Ohio App. 1 Dist.)(Ohio App. 1 Dist., 2013).

Plaintiffs allege that one of the exceptions to immunity under R.C. 2744.02(B) applies here. Specifically, R.C. 2744.02(B)(2), which provides, "(2) the negligent act of a government employee with respect to proprietary functions of the political subdivision." Thus, Plaintiffs appear to assert that the Golf Manor Defendants were acting within a proprietary function.

A proprietary function is generally defined as one that promotes or preserves the public peace, health, safety or welfare and that involves activities customarily engaged in by nongovernmental persons. Ohio Revised Code Ann. Sec. 2744.01(G)(1)(b). In the First Amended Complaint, Plaintiffs allegations consists entirely of the Golf Manor Defendants passing an ordinance placing residency restrictions on sex offenders. These allegations involve acts or omissions all clearly within the discretion of Golf Manor and its employees and cannot be considered a proprietary function. Thus, the Golf Manor Defendants are protected under R.C. 2744.

Plaintiff have also alleged the Village Council is liable as it had a special duty under the public duty rule to act under R.C. 2744.02(B)(5) and R.C. 2743.02(A)(3)(b). Under the public duty rule, a municipality owes a duty only to the general public when performing functions imposed on it by law and therefore is not liable for a breach of that duty resulting in harm to an individual, absent a special duty owed to the injured person. *Riotte v.*

*Cleveland,* 195 Ohio App. 3d 387, 2011- Ohio-4507, 960 N.E.2d 496 (8th Dist. Cuyahoga County 2011). The Village of Golf Manor was under no statutory obligation to act in this case. In other words, the public duty rule holds the government can be held liable only if that governmental entity affirmatively undertakes a duty to act in a situation where the governmental entity knows that inaction will cause harm and when a party who ultimately is injured relies upon the government to do what it promised. *Hurst v. State Dept. of Rehabilitation and Correction*, 1993 WL 387300, at *2 (Ohio App. 10 Dist.,1993). Here, however, Plaintiffs have failed to alleged any acts to create an exception to the public duty rule. As such, the Village of Golf Manor remains immune from suit under O.R.C. Chapter 2744.

   *3. State Law Claims*

Finally, to the extent Plaintiff claims the actions of Defendant violated Ohio state law, the Court should decline to exercise pendent jurisdiction over any such claims because Plaintiff fails to state a viable federal law claim. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Thus, any state law claims should be dismissed without prejudice for lack of jurisdiction.

   **III. Conclusion**

For these reasons, the Court hereby **RECOMMENDS** that the Defendants motion for judgment on the pleadings (Doc. 51) be **GRANTED** and this matter be **TERMINATED** on the active docket of the Court.

                                                                 */s Stephanie K. Bowman*
                                                                 Stephanie K. Bowman
                                                                 United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JAMES JONES, et al.,

    Plaintiff,                                  Case No. 1:18-cv-403

      vs.                                      Dlott, J.
                                                Bowman, M.J.

VILLAGE OF GOLF MANOR, et al.,

                                                Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).